UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ASHLEY HARRIS,

    Plaintiff,

 -vs-                     Case No.
                           Hon.

SUBURBAN AUTO SALES 2018 LLC, and
WESTLAKE SERVICES, LLC,

    Defendants.

## **COMPLAINT AND JURY DEMAND**

## **JURISDICTION**

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## **PARTIES**

3. The Plaintiff to this lawsuit is Ashley Harris who resides in Detroit, Michigan in Oakland County.

4.  The Defendants to this lawsuit are as follows:

    a.  Suburban Auto Sales 2018, LLC ("SAS2018LLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

    b.  Westlake Services, LLC  ("WSLLC"), which is a corporation doing business in Michigan, and whose resident agent, CORPORATE CREATIONS NETWORK INC. maintains its office at 28175 Haggerty Rd, Novi, MI 48377.

5.  At all relevant times SAS2018LLC –  in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6.  SAS2018LLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

7.    Under M.C.L. § 492.114a and pursuant to the express terms of the contract, WSLLC is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

## VENUE

8.    The transactions and occurrences which give rise to this action occurred in Oakland County.

9.    Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10.   On or about January 17, 2026, Plaintiff purchased a certain 2019  Buick Enclave, VIN 5GAERBKWXKJ209625 ("the vehicle") from SAS2018LLC and SAS2018LLC extended credit to Plaintiff as evidenced in the retail installment contract.

11.   On that date, SAS2018LLC advertised the cash price of the vehicle as $11,999.00.

12.   Defendant SAS2018LLC did not provide the Plaintiff with a copy of the retail installment sales contract in a form she could have and keep prior to the consummation of the transaction.

13. SAS2018LLC did not provide her with a true copy of the retail installment sales contract.

14. When she was signing documents, the dealer did not give her an opportunity to review them.

15. The retail installment contract is currently held by WSLLC.

16. When the Plaintiff got copies of the sales and finance documents from WSLLC, she discovered that SAS2018LLC had raise the purchase price in the from $11,999.00 to $18,353.15.

17. When the Plaintiff went back to the dealership and asked for SAS2018LLC to return the unauthorized $6,354.15 price increase to her, one employee stated, "Westlake sets the price of the car, not us."

18. Shortly thereafter, another employee of SAS2018LLC told her that the $6,354.15 price increase was a "lending fee."

19. The $6,354.15 price increase included in the amount financed portion of the disclosures.

20. Under the Truth in Lending Act,  the $6,354.15 price increase should have been included in the finance charge.

21. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## COUNT  I  -- Truth In Lending Act

## (SAS2018LLC)

22.   Plaintiff incorporates the preceding allegations by reference.

23.   SAS2018LLC was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

24.   Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

25.   SAS2018LLC failed to make those disclosures in a timely fashion in violation of 15  U.S.C. § 1638(a)(4).

26.   By failing to provide Plaintiff with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

27.   SAS2018LLC failed to accurately disclose the cash price of the vehicle.

28.   The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

29. SAS2018LLC failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

30. SAS2018LLC failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

31. As a consequence of failing to accurately state the actual finance charge, SAS2018LLC also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

32. SAS2018LLC failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

33. SAS2018LLC is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT II -- Violation of Michigan Consumer Protection Act
## (SAS2018LLC & WSLLC)

34. Plaintiff incorporates the preceding allegations by reference.

35. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, WSLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

36. SAS2018LLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

37. SAS2018LLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f.     Making false or misleading statements of fact concerning the reasons
       for, existence of, or amounts of price reductions.

g.     Representing that a part, replacement, or repair service is needed when
       it is not.

h.     Representing to a party to whom goods or services are supplied that the
       goods or services are being supplied in response to a request made by or
       on behalf of the party, when they are not.

i.     Causing a probability of confusion or of misunderstanding with respect
       to the authority of a salesperson, representative, or agent to negotiate the
       final terms of a transaction.

j.     Causing a probability of confusion or of misunderstanding as to the
       legal rights, obligations, or remedies of a party to a transaction.

k.     Causing a probability of confusion or of misunderstanding as to the
       terms or conditions of credit if credit is extended in a transaction.

l.     Failing to reveal a material fact, the omission of which tends to mislead
       or deceive the consumer, and which fact could not reasonably be known
       by the consumer.

m. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

n. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

o. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

p. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

q.   Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

r.   Causing coercion and duress as the result of the time and nature of a sales presentation.

s.   Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

38.   Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT III — Motor Vehicle Sales Finance Act

## (SAS2018LLC & WSLLC)

39.   Plaintiff incorporates the preceding allegations by reference.

40.   Under M.C.L. § 492.114a and pursuant to the express terms of the contract, WSLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

41.   SAS2018LLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 492.101 *et seq.*

10

42.    Plaintiff suffered the damages set forth above by reason of the SAS2018LLC's violations of the MVSFA.

## COUNT IV — Motor Vehicle Installment Sales Contract Act

## (SAS2018LLC & WSLLC)

43.    Plaintiff incorporates the preceding allegations by reference.

44.    Under M.C.L. § 492.114a and pursuant to the express terms of the contract, WSLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

45.    SAS2018LLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

46.    Plaintiff suffered damages in the amount of the finance charge imposed.

## JURY DEMAND

47.    Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Ashley Harris
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net

Dated: April 2, 2026